## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C.,** | ) ) ) |
| **4820 Lake Brook Drive** **Glen Allen, Virginia 23060** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) )   **Civil Action No.:**  17-138 |
| **AMERICAN SELECT INSURANCE COMPANY** | ) ) ) |
| **Serve:  Frank Carrino, RA** **One Park Circle** **Westfield Center, OH 44251** | ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT

Plaintiff Firemen's Insurance Company of Washington, D.C. ("Firemen's"), by counsel, states as follows as its Complaint against Defendant American Select Insurance Company ("American Select").

### Parties

1.     Plaintiff Firemen's is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Virginia.  As such, Firemen's is a citizen of Delaware and Virginia.

2.     Defendant American Select is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in Ohio.  As such, American Select is a citizen of Ohio.

### Jurisdiction and Venue

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Firemen's and Defendant American Select, and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### Facts

### The Underlying Lawsuit

5.      On May 18, 2016, the lawsuit styled *Amanda M. Ciccone v. Christopher Rossi and Brian R. Boatwright and Melany Boatwright and Vision Technical Group, Inc.*, Case No. 2016 CA 003647 V, was filed in the Superior Court of the District of Columbia, Civil Division (the "Suit").  A true and accurate copy of the Complaint filed in the Suit is attached hereto as Exhibit A.

6.      The Suit alleges that on March 13, 2016 Amanda Ciccone was attempting to walk across I Street, NW, at its intersection with 7th Street, NW in the District of Columbia when she was struck by a motor vehicle that was owned by Brian Boatwright and Melany Boatwright that was at the time being operated with their permission by Christopher Rossi during the course and scope of his employment with Vision Technical Group, Inc. (the "Accident").  Ex. A at ¶¶ 2-3. The Suit alleges that Ms. Ciccone was severely injured as result of the Accident.  Ex. A at ¶ 3.

7.      The Suit alleges that Christopher Rossi is liable to Ms. Ciccone for her injuries because he was negligent in his operation of the vehicle.  Ex. A at ¶¶ 4-5.

8.      The Suit alleges that Brian R. Boatwright and Melany Boatwright are also liable to Ms. Ciccone for her injuries pursuant to Section 50-1301.08 of the District of Columbia Code. Ex. A at ¶ 5.

9.      The Suit alleges that Vision Technical Group, Inc. is also liable to Ms. Ciccone for her injuries pursuant to the legal theory of respondeat superior.  Ex. A at ¶ 5.

10.     The Suit seeks damages in the amount of two million dollars ($2,000,000) jointly and severally against Christopher Rossi, Brian R. Boatwright, Melany Boatwright, and Vision Technical Group, Inc.  Ex. A at p. 3 (Wherefore clause).

**The Firemen's Policy**

11.     Firemen's issued policy number CPA 0116522-46, effective November 14, 2015 to November 14, 2016, to Vision Technical Group BMR LLC (as the named insured) (the "Firemen's Policy").  A true and accurate copy of the relevant portions of the Firemen's Policy is attached hereto as Exhibit B.  The Firemen's Policy provides commercial auto liability coverage as described therein.

12.     Firemen's is currently defending Vision Technical Group, Inc. against the Suit under the Policy and has incurred costs and will continue to incur costs as a result.

13.     Firemen's may also have an obligation (subject to the terms, conditions, and limitations of the Firemen's Policy) to indemnify Vision Technical Group, Inc. for any settlement entered into on Vision Technical Group, Inc.'s behalf or judgment entered against Vision Technical Group, Inc. with respect to the Accident and the Suit.

14.      Relevant to this action, the commercial auto liability coverage provided by the Firemen's Policy contains the following conditions:

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

A.      **Loss Conditions**

\*\*\*

5.      **Transfer of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us.  That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

B.      **General Conditions**

\*\*\*

5.      **Other Insurance**

a.      For any covered "auto" you own, this Coverage Form provides primary insurance.  For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.  However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:

(1)     Excess while it is connected to a motor vehicle you do not own; or

(2)     Primary while it is connected to a covered "auto" you own.

\*\*\*

Ex. B, Form CA 00 01 10 13, p. 9 of 12.

**<u>The American Select Policy</u>**

15.     American Select issued policy number WNP 385100, effective March 30, 2015 to March 30, 2016, to Melany & Brian Boatwright (as the named insured) (the "American Select Policy").  A true and accurate copy of the American Select Policy is attached hereto as Exhibit C.  The American Select Policy provides auto liability coverage as described therein.

16.     Relevant to this action, the insuring agreement applicable to Section IV Auto Liability of the American Select Policy provides as follows:

4

A.     **COVERAGE G – AUTO LIABILITY**

We will pay damages for ***bodily injury*** or ***property damage*** for which any ***insured*** becomes legally responsible because of an auto accident.  We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.  In addition to our limit of liability, we will pay all defense costs we incur.  Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgements or settlements.  We have no duty to defend any suit or settle any claim for ***bodily injury*** or ***property damage*** not covered under this policy.

Ex. C, Form WN 30 37 (Ed. 12-13), p. 32 of 44.

17.     The American Select Policy also contains the following definitions applicable to

Section IV Auto Liability:

1.     ***"Insured"*** means:

a.     You or any ***family member*** for the ownership, maintenance or use of any auto or ***trailer***.

b.     Any person using ***your covered auto*** with the express or implied permission of you or any ***family member*** while within the scope of such permission.

c.     For ***your covered auto***, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this section.

d.     For any auto or ***trailer***, other than ***your covered auto***, any other person or organization but only with respect to legal responsibility for act or omissions of you or any ***family member*** for whom coverage is afforded under this section.  This provision (**d.**) applies only if the person or organization does not own or hire the auto or ***trailer***.

The following are not insureds under this Section:

a.     The United States of America or any of its agencies.

b.     Any person with respect to ***bodily injury*** or ***property damage*** resulting from the operation of a motor vehicle by that person as an employee of the United States government.  The provision (**b.**) applies only if the provisions of Section 2679 of Title 28 of the United States Code, as amended require the Attorney General of the United States to defend that person in any civil action which may be brought for the ***bodily injury*** or ***property damage***.

***

6. ***"Your covered auto"*** means:

  a. Any vehicle shown in the Declarations as subject to this policy form.

  b. A ***newly acquired auto***.

  c. Any ***trailer*** you own.

  d. Any ***temporary substitute auto***.

Ex. C, Form WN 30 37 (Ed. 12-13), pp., 32-33 of 44.

  18. The American Select Policy also contains the following definition applicable to all sections of the American Select Policy:

  A. In this policy, "you" and "your" refer to:

   1. The "named insured" shown in the Declarations; and

   2. The spouse if a resident of the same household.

  If a spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy, but only until the earlier of:

   1. The end of 90 days following the spouse's change of residency; or

   2. The effective date of another policy listing the spouse as a named insured; or

   3. The end of the policy period.

  "We", "us" and "our" refer to the Company providing this insurance.

Ex. C, Form WN 30 37 (Ed. 12-13), p. 2 of 44.

  19. The American Select Policy contains the following condition applicable to Section IV – Auto Liability:

6

### B.    OTHER INSURANCE

If there is other applicable liability insurance, we will pay only our share of the loss.  Our share is the proportion that our limit of liability bears to the total of all applicable limits.

However, any insurance we provided for a vehicle:

1.    You do not own; or

2.    Operated or used by any person other than you or any *family member*;

shall be excess over any other collectible insurance, self-insurance or bond.

Ex. C, Form WN 30 37 (Ed. 12-13), p. 35 of 44.

20.    The Declarations of the American Select Policy list a 2004 Ford F-250 Super as Vehicle 001 under the Vehicles Covered section of the Declarations (the "Vehicle").  Ex. C, Form 2805 (Ed. 11-05), p. 02 of 06.  Christopher Rossi was operating the Vehicle at the time of the Accident.

21.    In light of the foregoing, Firemen's tendered the Suit to American Select for defense and indemnity of Vision Technical Group, Inc. under the American Select Policy. However, American Select has not responded to Firemen's tender, has not undertaken the defense of Vision Technical Group, Inc. against the Suit, and has not otherwise contributed to the defense of Vision Technical Group, Inc. against the Suit.

### Count I – Declaratory Judgment

22.    Firemen's incorporates the allegations of Paragraphs 1 through 21 as if fully set forth herein.

23.    An actual controversy exists between Firemen's and American Select concerning American Select's obligations to contribute to the defense and indemnification of Vision

Technical Group, Inc. with respect to the Accident and the Suit under the American Select Policy.

24.     Firemen's seeks a declaration pursuant to 28 U.S.C. § 2201 and 2202 that:

(A)     American Select has a duty to defend Vision Technical Group, Inc. against the Suit under the American Select Policy, such that American Select and Firemen's must share equally in the cost to defend Vision Technical Group, Inc. against the Suit; and

(B)     American Select is obligated to indemnify Vision Technical Group, Inc. with respect to the Accident and the Suit under the American Select Policy, such that American Select must share equally in the payment of any settlement entered into on behalf of or any judgment entered against Vision Technical Group, Inc.

25.     Firemen's is entitled to this declaratory judgment:

(A)     Because the American Select Policy provides that American Select will pay damages for bodily injury for which any insured becomes legally responsible because of an auto accident,  will settle or defend any claim or suit asking for these damages, and will pay all defense costs American Select incurs;

(B)     Because Vision Technical Group, Inc. qualifies as an insured under the American Select Policy by virtue of Section 1.c. of the definition of "Insured" contained in Section IV Auto Liability of the American Select Policy;

(C)     Because, under Pennsylvania law (which governs this action), the applicable Other Insurance provisions in the Firemen's Policy and the American Select Policy are mutually repugnant and must be disregarded; and

(D)     Because, under Pennsylvania law (which governs this action), where mutually repugnant Other Insurance provisions are disregarded, the obligated insurers must share equally in defense and indemnification of their mutual insured.

## Count II – Contribution

26.     Firemen's incorporates the allegations of Paragraphs 1 through 25 as if fully set forth herein.

27.     Firemen's and American Select are equally obligated to defend Vision Technical Group, Inc. against the Suit under the Firemen's Policy and the American Select Policy, respectively.

28.     Despite the fact that Firemen's has tendered the Suit to American Select for defense of Vision Technical Group, Inc., American Select has not undertaken the defense of Vision Technical Group, Inc. nor contributed to the cost of such defense.

29.     Because American Select has breached its obligation to defend Vision Technical Group, Inc. against the Suit under the American Select Policy, Firemen's has incurred and continues to incur the entire cost to defend Vision Technical Group, Inc. against the Suit.

30.     Firemen's is entitled to contribution from American Select for an equal share (i.e., one half) of all costs incurred by Firemen's in the defense of Vision Technical Group, Inc. through such time as judgment is rendered in this case.

## Count III – Breach of Contract (Subrogation)

31.     Firemen's incorporates the allegations of Paragraphs 1 through 30 as if fully set forth herein.

32.     Firemen's has made payments on behalf of Vision Technical Group, Inc. to defend Vision Technical Group against the Suit under the Firemen's Policy.

33.     Firemen's is subrogated to Vision Technical Group, Inc.'s rights against American Select pursuant to Condition A.5. – Transfer Of Rights Of Recovery Against Others To Us of the Firemen's Policy (providing that if any person or organization to or for whom Firemen's makes payment under the commercial auto liability coverage of the Firemen's Policy has rights to recover damages from another, those rights are transferred to Firemen's).

34.     Vision Technical Group, Inc. has a right to recover damages from American Select for breach of contract due to American Select's failure to defend Vision Technical Group, Inc. against the Suit in breach of the American Select Policy.

35.     As subrogee of Vision Technical Group, Inc., Firemen's is entitled to recover damages from American Select for breach of contract in the amount of an equal share (i.e., one half) of all costs incurred by Firemen's in the defense of Vision Technical Group, Inc. through such time as judgment is rendered in this case.

WHEREFORE, Firemen's respectfully requests that this Court:

1.     Declare that American Select has a duty to defend Vision Technical Group, Inc. against the Suit under the American Select Policy, such that American Select and Firemen's must share equally in the cost to defend Vision Technical Group, Inc. against the Suit; and

2.     Declare that American Select is obligated to indemnify Vision Technical Group, Inc. with respect to the Accident and the Suit under the American Select Policy, such that American Select must share equally in the payment of any settlement entered into on behalf of or any judgment entered against Vision Technical Group, Inc.; and

3.     Enter judgment against American Select for an equal share (i.e., one half) of all costs incurred by Firemen's in the defense of Vision Technical Group, Inc. through such time as judgment is rendered in this case; and

4.       Award such other and further relief as this Court deems just and proper.


                                         **FIREMEN'S INSURANCE COMPANY**
                                         **OF WASHINGTON, D.C.**


                                         **By:**  _/s/ Lindsay Lankford Rollins____


John B. Mumford, Jr. (DCB No.: 1027364)
Lindsay Lankford Rollins (DCB No.: 1024473)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hdjn.com
lrollins@hdjn.com
Phone:  (804) 967-9604
Fax:  (804) 967-9888
*Counsel for Firemen's Insurance Company of Washington, D.C.*